**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSH WISE, | No. 2:21-CV-2269-JAM-DMC |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| DIRECTOR OF THE FEDERAL BUREAU OF INVESTIGATIONS, et al., | |
| Defendants. | |

Plaintiff, who is proceeding pro se, brings this civil rights action. Pending before the Court is Plaintiff's original complaint, ECF No. 1.

The court is required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(e)(2). Under this screening provision, the court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(A), (B). Moreover, pursuant to Federal Rule of Civil Procedure 12(h)(3), this court must dismiss an action if the court determines that it lacks subject matter jurisdiction. Because Plaintiff has been granted leave to proceed in forma pauperis, the court will screen the complaint pursuant to § 1915(e)(2). Pursuant to Rule 12(h)(3), the court will also consider as a threshold matter whether it has subject-matter

1

1 jurisdiction.

2 Plaintiff lists the following as defendants: (1) Director of the Federal Bureau of
3 Investigations; (2) Federal Bureau of Investigations ("FBI"); (3) Attorney General of the United
4 States Department of Justice; (4) President Joseph Biden; and (5) 1-60 Doe defendants. ECF No.
5 1, pg. 1. In short, Plaintiff states that he has been harassed by the "terrorist group known as the
6 USA FBI" and seeks one hundred billion dollars. See id. at 2-8.

7 Plaintiff's claims are barred by the doctrine of sovereign immunity. "Suits against
8 the federal government are barred for lack of subject matter jurisdiction unless the government
9 expressly and unequivocally waives its sovereign immunity." Mills v. United States, 742 F.3d
10 400, 404 (9th Cir. 2014). Without a waiver, sovereign immunity bars both equitable and legal
11 claims against the United States, its agencies, and its officers acting in their official capacities.
12 See Assiniboine & Sioux Tribes of Fort Peck Indian Reservation v. Bd. Of Oil & Gas Cons. Of
13 State of Mont., 792 F.2d 782, 792 (9th Cir. 1986). The party suing the United States bears the
14 burden of identifying an unequivocal waiver of immunity. See Holloman v. Watt, 708 F.2d 1399,
15 1401 (9th Cir. 1983).

16 Defendant FBI is a federal agency, and Defendants Director of the FBI, Attorney
17 General of the United States Department of Justice, and President Joseph Biden are all federal
18 officials whom Plaintiff appears to have sued in their official capacity. The complaint does not
19 identify any basis for a waiver of sovereign immunity. Therefore, Plaintiff has failed to
20 demonstrate that the Court has jurisdiction over his claims.

21 Because it does not appear possible that the deficiencies identified herein can be
22 cured by amending the complaint, Plaintiff is not entitled to leave to amend prior to dismissal of
23 the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

Based on the foregoing, the undersigned recommends that this case be dismissed with prejudice under the doctrine of sovereign immunity and that Plaintiff's motion, ECF No. 3, for injunctive relief be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 9, 2022

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE